**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ARTHUR JAMES MOORE,

Plaintiff-Appellant,

v.

WARDEN HENDERSON; CAPTAIN
HOLDITCH,

Defendants-Appellees.

No. 96-1353
(D.C. No. 95-B-3089)
(D. Colo.)

ORDER AND JUDGMENT*

Before KELLY and HENRY, Circuit Judges, and DOWNES,** District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* Honorable William F. Downes, District Judge, United States District Court
for the District of Wyoming, sitting by designation.

Plaintiff Arthur James Moore appeals from an order of the district court dismissing his complaint, filed pursuant to 42 U.S.C. § 1983, for failure to state a claim. We dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Moore commenced this action against the defendant warden and the captain of his living unit alleging cruel and unusual punishment under the Eighth Amendment because female officers entered the living unit when male inmates were taking showers and using the toilets. He also alleged deliberate indifference to inmate health and safety as inmates were forced to eat near mops, mop buckets, and the open showers. He further alleged that the living unit had inadequate fire detection devices. Mr. Moore acknowledged that he had suffered no specific physical injury from any of the alleged conditions.

The magistrate judge recommended that defendants' motion to dismiss for failure to state a claim be granted because plaintiff had shown no personal participation by the defendants and no deliberate indifference. Mr. Moore responded and objected only to the magistrate judge's determination regarding the viewing of male inmates by female officers. This issue alone is preserved for appeal. See United States v. One Parcel of Real Property, with Buildings, Appurtenances, Improvement, & Contents, 73 F.3d 1057, 1060 (10th Cir.), cert. denied, 117 S. Ct. 271 (1996) (setting forth requirement that party must timely

and specifically object to magistrate judge's ruling to preserve issues for appellate review).

We review the district court's dismissal of a complaint for failure to state a claim de novo. Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996). We will uphold the dismissal "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." Fuller v. Norton, 86 F.3d 1016, 1020 (10th Cir. 1996).

The viewing of nude inmates by prison guards of the opposite sex is not per se unconstitutional. See Somers v. Thurman,109 F.3d 614, 619-20 (9th Cir.), petition for cert. filed, No. 96-9487 (U.S. Jun. 23, 1997). Mr. Moore has not shown that either defendant was deliberately indifferent to his need for privacy.

Mr. Moore's motion for appointment of counsel is DENIED. We DISMISS this appeal under 28 U.S.C. § 1915(e)(2)(B)(ii). The mandate shall issue forthwith.

Entered for the Court


William F. Downes
District Judge